**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| BRITTANI STEEN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:12-cv-1662-DCN |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| RANDY L. GARRETT, *Sheriff of* | ) | |
| *Clarendon County, et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on a motion to strike plaintiff Brittani Steen's opposition to the pending motion to dismiss. Both the motion to strike and the underlying motion to dismiss are brought by defendants Sheriff Garrett, Captain Baker, and Clarendon County Sheriff's Department. For the reasons stated below, the court grants defendants' motion.

## I. BACKGROUND

On May 18, 2012, minor plaintiff Brittani Steen, through her parent and natural guardian Aimee McWhite, filed a lawsuit in the South Carolina Court of Common Pleas for the Third Judicial Circuit in Clarendon County. Steen brings gross negligence, failure to warn, negligent hiring, § 1983, and other related claims against the Clarendon County Sheriff's Department, Randy Garrett, the county sheriff, and Merke Baker, a captain with the department. Steen claims that she was injured when her car was hit by a drunk driver named Clarence Vaughn (Clarence) on January 26, 2012. She alleges that Captain Baker pulled Clarence over earlier the same day, knew that Clarence was heavily intoxicated, and yet allowed Clarence to stay on the road. Steen further alleges that Clarence

1

continued drinking and driving that day, eventually slamming into Steen's car and injuring her severely. Steen contends that she would not have been injured if Captain Baker had arrested Clarence earlier in the day.

Defendants removed the case to this court on June 15, 2012, and answered the complaint on the same day. On October 31, 2012, defendants moved to stay all proceedings in the case pending resolution of their motion to amend their answer. On November 7, 2012, the court granted the motion to stay.

At a hearing held on December 13, 2012, the court ordered attorney Steven S. McKenzie to withdraw from his representation of Steen. The court also directed the parties to submit a revised scheduling order within two weeks of the date that Steen obtained new counsel. Though Steen did eventually obtain new counsel, no revised scheduling order has been filed.[1] At the hearing, the parties stated that they have agreed to continue the stay in this case through at least the issuance of this order.

On January 14, 2013, defendants moved to dismiss this case. After obtaining an extension of time in which to file a response, Steen – through her new counsel – opposed the motion to dismiss on March 4, 2013. Defendants then filed the instant motion to strike Steen's opposition on March 14, 2013.

## II.   DISCUSSION

Defendants argue that Steen's opposition to the motion to dismiss (Steen's Opposition) should be stricken because it relies on improper and objectionable materials,

---

[1] The July 31, 2012 consent amended scheduling order includes the following relevant deadlines:
- Rule 26(a)(1) disclosures – August 10, 2012
- Rule 26(f) report – August 10, 2012
- Close of discovery – November 15, 2012
- Dispositive motions – January 11, 2013

2

namely, an affidavit not produced in discovery and unanswered requests for admission that Steen allegedly served on defendants simultaneously with the state court complaint.

### A. Steen's Requests for Admission

Steen's Opposition relies on several facts and conclusions drawn from requests for admissions she allegedly served on defendants while this case was pending in state court. Steen contends that because defendants failed to respond to her requests for admissions, all of those discovery requests are deemed admitted. Defendants argue that, even if they had been properly served, those discovery requests were rendered "dead" when the case was removed to federal court. Defs.' Mot. to Strike 2, ECF No. 55.

The parties dispute whether the requests for admission were properly served on defendants, and have filed witness affidavits that support their respective positions. The court, however, need not resolve this factual dispute to determine whether the portions of Steen's Opposition that rely on the requests for admission should be stricken.

It is axiomatic that the Federal Rules of Civil Procedure govern cases that have been removed from state court to federal court. Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from state court."). While requests for admission will be deemed admitted if not objected to within thirty days, Fed. R. Civ. P. 36(a)(3), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1).

Courts have grappled with the question of how to handle discovery requests that were made but not due before a state case was removed to federal court. One court has determined that requests for admission properly served in a state court case remain in force when the case is removed to federal court. Mann v. Metro. Life Ins. Co., No. 99-

cv-0036, 1999 WL 33453411, at *2 (W.D. Va. July 9, 1999) (holding that "the removal of the instant case from state to federal court did not affect the validity and force of plaintiff's requests for admissions" but nevertheless denying the plaintiff's motion to have requests for admission deemed admitted). In support of its finding, the Mann court relied on 28 U.S.C. § 1450, which states that "All injunctions, orders, and other proceedings had in [a state] action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."

      The vast majority of courts, however, have drawn the opposite conclusion, finding that admissions requests served in a state case need not be answered once the case is removed to federal court, if the deadline to answer those requests did not lapse before removal. See, e.g., Int'l Transp. Workers Fed'n v. Mi-Das Line SA, No. 13-cv-0454, 2013 WL 1403329, at *4 n.3 (E.D. La. Apr. 4, 2013) ("[W]here the state-level discovery requests had not been ruled on in state court prior to removal, Rule 26(d) and Rule 26(f) would operate to preclude such discovery from occurring."); Sterling Sav. Bank v. Fed. Ins. Co., No. 12-cv-0368, 2012 WL 3143909, at *2 (E.D. Wash. Aug. 1, 2012); Jennings v. City of Lafollette, No. 09-cv-0072, 2010 WL 4704462, at *1 (E.D. Tenn. Aug. 24, 2010); Wilson ex rel. Wilson v. Gen. Tavern Corp., No. 05-cv-81128, 2006 WL 290490, at *1 (S.D. Fla. Feb. 2, 2006); Riley v. Walgreen Co., 233 F.R.D. 496, 498-99 (S.D. Tex. 2005); Visicorp v. Software Arts, Inc., 575 F. Supp. 1528, 1531 (N.D. Cal. 1983), abrogated on other grounds by Stewart Org. v. Ricoh Corp., 487 U.S. 22 (1988). These courts have found that the text of 28 U.S.C. § 1450 does not apply to discovery requests, since those requests do not amount to an injunction, order, or other proceeding. See, e.g., Sterling Sav. Bank, 2012 WL 3143909, at *2 ("An abundance of case law substantiates

the notion such discovery requests do not count as 'proceedings' pursuant to 28 U.S.C. § 1450, and are thus nullified upon removal to Federal court.").

The court finds the majority view persuasive. This interpretation comports with a plain reading of the Federal Rules, which state that that parties may not seek discovery before they have participated in a Rule 26(f) conference. It also comports with a plain reading of 28 U.S.C. § 1450, as discovery requests are not injunctions, orders, or proceedings of a state court.

Regardless of whether Steen's discovery requests were properly served, this case was removed to federal court before defendants' responses were due. Steen's discovery requests were thus rendered "null and ineffective" when defendants removed this case to federal court. Wilson, 2006 WL 290490, at *2. As a result, any portions of Steen's opposition that rely on those requests for admissions are improper and shall be stricken.

### B. Affidavit of Witness Jerome Vaughn

Defendants also contend that Steen's opposition to the motion to dismiss should be stricken to the extent that it relies on an affidavit provided by a witness named Jerome Vaughn (Jerome).[2] Defendants assert that Steen's prior counsel did not disclose Jerome's affidavit during discovery, and that she should not be allowed to rely on it now.

Parties have a continuing obligation to timely supplement their discovery responses and Rule 26(a) responses. Fed. R. Civ. P. 26(e)(1). Steen's former counsel, Steven S. McKenzie, failed to meet this obligation.[3] However, it is not for this reason

---

[2] Jerome is the first cousin of Clarence Vaughn, the drunk driver who struck Steen's car on January 26, 2012.

[3] McKenzie's excuse – that he would have supplemented Steen's discovery responses with Jerome's affidavit but for the court-ordered stay in this case – rings hollow. McKenzie identified Jerome as a witness on October 9, 2012, and Jerome swore out his affidavit two days later. McKenzie Aff. ¶ 8; Vaughn Aff. 2. Defendants moved to stay this case on October 31, 2012.

5

that the court strikes the portions of Steen's Opposition that rely on Jerome's affidavit. Rather, the court must strike any such portions of Steen's Opposition for the simple reason that they rely on matters outside the pleadings. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (on a motion to dismiss, "courts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). It is possible that Jerome's affidavit may be appropriate for the court's consideration on another occasion, such as the determination of a motion for summary judgment. However, the court cannot consider Jerome's affidavit in the context of the pending motion to dismiss because the affidavit is neither part of the pleadings nor incorporated into the pleadings by reference.

## IV.  CONCLUSION

For the foregoing reasons, the court **GRANTS** defendants' motion to strike Steen's Opposition. Steen may file a revised memorandum in opposition to defendants' motion to dismiss within 15 days of the date of this order. The revised memorandum may not rely on, incorporate, or refer to Jerome Vaughn's affidavit or to any discovery requests made before this case was removed to federal court.

---

Defs.' Mot. to Stay Proceedings, ECF No. 20.  The court stayed the case beginning on November 7, 2012.  Order Granting Mot. to Stay Proceedings, ECF No. 25.  McKenzie's failure to disclose cannot be attributed to the stay in proceedings when McKenzie had identified Jerome as a witness and obtained his affidavit almost a month before the stay was imposed.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**April 30, 2013
Charleston, South Carolina**